Scott M. Grace S.B.N. 236621
sgrace@lawlh.com
**Luftman, Heck & Associates, LLP**
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
Phone: 619-346-4600
Fax:  619-923-3661

Patric A. Lester (SBN 220092)
pl@lesterlaw.com
**Lester & Associates**
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SALAS,<br><br>Plaintiff,<br><br>vs.<br><br>UNIVERSAL CREDIT SERVICES, LLC, GTPD ENTERPRISES, INC., PRIORITY DOCUMENTS, EC LENDING, LLC, NEIL BILLOCK, and DOES 1-10,<br><br>Defendants. | Case No.: **'17CV2352 JLS  BLM**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:<br><br>1. FEDERAL FAIR CREDIT REPORTING ACT<br>2. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT<br>3. CREDIT REPAIR ORGANIZATIONS ACT<br>4. MISREPRESENTATION AND FRAUD<br><br>DEMAND FOR JURY TRIAL |

1.    DANIEL SALAS, ("Plaintiff"), by and through his attorneys, brings this Complaint against Defendants, UNIVERSAL CREDIT SERVICES, LLC (hereinafter "UNIVERSAL"), GTPD ENTERPRISES, INC. (hereinafter "GTPD"),

PRIORITY DOCUMENTS, (hereinafter "PRIORITY"), EC LENDING, LLC (hereinafter "EC LENDING"), and NEIL BILLOCK (hereinafter "BILLOCK"), and DOES 1-10, for impermissibly furnishing and/or obtaining Plaintiff's consumer report as part of an improper venture to advertise, promote, and operate a business of soliciting clients for debt settlement and credit repair services in violation of the Fair Credit Reporting Act (FCRA), the California Credit Reporting Agencies Act (CCRAA), and the Credit Repair Organizations Act (CROA), and to perpetrate a fraud against Plaintiff.

2.  Defendants unlawfully furnished and/or obtained Plaintiff's consumer credit report and used it illegally to obtain information for the purpose of soliciting Plaintiff for debt settlement and credit repair services.

3.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**JURISDICTION AND VENUE**

4.  This action arises out of Defendants' violations of the FCRA and the CROA, over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1331, 15 U.S.C. §1681p. Jurisdiction arises pursuant to 28 U.S.C. §1367 for supplemental state claims.

5.  Because Defendants regularly conduct business within the County of San Diego, and Defendants GTPD, EC LENDING, PRIORITY, and BILLOCK are all physically located in the County of San Diego, personal jurisdiction is established.

6.  Because all tortious conduct occurred while Plaintiff resided in the County of San Diego, and witnesses are present within the County of San Diego, venue properly lies in this court pursuant to 28 U.S.C. §1391.

# THE PARTIES

7. Plaintiff is a natural person whose permanent residence is in the County of San Diego, is a natural person, and is therefore a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) of the Federal FCRA. Plaintiff is a "Consumer" under 15 U.S.C. §1681a(c), CA Civ. Code §1785.3(b), and 15 U.S.C. §1679a(1).

8. Upon information and belief, Defendant UNIVERSAL is a Pennsylvania Credit Reporting Agency, registered as a Corporation with an address of 201 Marple Avenue, Clifton Heights, PA. Defendant UNIVERSAL is a "Consumer Reporting Agency" under 15 U.S.C. §1681a(f), and a "Consumer Credit Reporting Agency" under CA Civ. Code §1785.3(c).

9. Upon information and belief, Defendant GTPD is a mortgage company which impermissibly accesses, obtains, and/or furnishes individuals' credit reports from Defendant UNIVERSAL without a permissible purpose. Defendant GTPD maintains an office address of 4241 Jutland Drive, Suite 304, San Diego, CA 92117, and is a "Consumer Reporting Agency" under 15 U.S.C. §1681a(f), and a "Consumer Credit Reporting Agency" under CA Civ. Code §1785.3(c).

10. Upon information and belief, Defendant PRIORITY is a fictitious business name of a Sole Proprietorship which is owned by Defendant EC LENDING, and advertises, solicits, and/or performs debt settlement and credit repair services. Defendant PRIORITY is a "Credit Repair Organization" under 15 U.S.C. §1679a(3).

11. Upon information and belief, Defendant EC LENDING is a limited liability corporation with a principal office address of 4875 Viewridge Avenue, San Diego, CA.

12. Upon information and belief, Defendant BILLOCK is a Manager and/or a director of Defendant EC LENDING, and maintains the same office address as Defendants GTPD and EC LENDING of 4241 Jutland Drive, Suite 304, San Diego, CA.

13. Upon information and belief, Defendant BILLOCK directs the operations of Defendants GTPD and EC LENDING, and was aware or reckless in his ignorance that Defendants UNIVERSAL, GTPD, EC LENDING, and PRIORITY furnished and/or obtained Plaintiff's credit report without a permissible purpose under 15 U.S.C. §1681b for the purpose of advertising, soliciting, and/or performing debt settlement and credit repair services.

14. Defendant BILLOCK is also the owner of Defendant EC LENDING and, at all times relevant, Defendant BILLOCK directed and/or participated in the acts and practices of Defendant EC LENDING, including the acts and practices set forth in this Complaint. All references and allegations in this Complaint concerning Defendant EC LENDING include and incorporate Defendant BILLOCK unless otherwise specifically noted herein.

15. For purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this Complaint.

16. The causes of action herein partially pertain to Plaintiff's "consumer credit reports", as that term is defined by Calif. Civ. Code §1785.3(c) of the California CCRAA and 15 U.S.C. §1681a(d)(1) of the Federal FCRA, in that Defendants accessed, obtained, and/or furnished Plaintiff's "consumer report," which bore upon Plaintiff's credit worthiness, credit standing, and which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiffs' eligibility for, among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

17. As it pertains to the California CCRAA and the Federal FCRA, each of the above-named Defendants are individuals, partnerships, corporations, or associations, and are therefore each a "person" as that term is defined by 15 U.S.C.

§ 1681a(b), Calif. Civ. Code §1785.3(j), and 15 U.S.C. §1679a(3)(A).

18. Defendant UNIVERSAL is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f) of the Federal FCRA and Calif. Civil Code §1785.3(d) of the California CCRA, as it regularly engages in whole or in part, for monetary fees, dues, or on a cooperative nonprofit basis, in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

## FACTUAL ALLEGATIONS

19. On February 8, 2016, Defendant GTPD and/or its agent(s) made inquiry of Plaintiff's credit report with Defendant UNIVERSAL. Plaintiff's Equifax credit report, dated February 28, 2017, is attached hereto, incorporated herein, and marked as Exhibit 1.

20. On or after February 8, 2016, Defendants GTPD, PRIORITY, EC LENDING, and BILLOCK obtained and/or furnished Plaintiff's consumer report from a consumer reporting agency knowingly without a permissible purpose, in violation of 15 U.S.C. §1681b(f) and CA Civ. Code §1785.11(b).

21. Sometime after February 8, 2016 and before March 9, 2016, Plaintiff Daniel Salas received advertising material in the form of a solicitation for debt settlement and/or credit repair services purportedly provided by Defendant PRIORITY.

22. On March 9, 2016, Plaintiff entered into an agreement with Defendant PRIORITY entitled "Priority Documents Service Agreement." (Exhibit 2)

23. The first paragraph of the "Priority Documents Service Agreement" is captioned "Credit Repair Services," and states "The Company will assist you in preparing necessary documents for you to repair your credit."

24. The third paragraph of the "Priority Documents Service Agreement" is

captioned "Client Authorization," and states:

> "You authorize, if necessary, the Company to obtain a copy of your credit report(s). If company obtains a copy of your credit report, **the inquiry will show from either Priority or GTPD Enterprises**."

25. As previously set forth in paragraph 19, Defendant GTPD Enterprises had already previously obtained Plaintiff's credit report, as evidenced in Plaintiff's Exhibit 1, without Plaintiff's prior consent or authorization, and in the absence of any permissible purpose under 15 U.S.C. §1681b(a), and CA Civ. Code §1785.22(a).

26. Upon information and belief, after Defendant GTPD unlawfully obtained Plaintiff's credit report without a permissible purpose under 15 U.S.C. §1681b(a), and CA Civ. Code §1785.22(a), Defendant GTPD thereafter impermissibly furnished Plaintiff's credit report to Defendant PRIORITY in violation of 15 U.S.C. §1681b(f), and CA Civ. Code §1785.11(a).

27. Defendant PRIORITY impermissibly obtained and utilized Plaintiff's credit report for the purpose of soliciting Plaintiff to retain Defendant PRIORITY for debt settlement and/or credit repair services, and as such, used instrumentalities of interstate commerce or the mails to sell, provide, or perform (or represent that Defendant PRIORITY can or will sell, provide, or perform) services, in return for the payment of money or other valuable consideration, for the express or implied purpose of—

> (i) Improving any consumer's credit record, credit history, or credit rating; or
>
> (ii) Providing advice or assistance to any consumer with regard to any activity or service described in clause (i).

28. Plaintiff was advised that the program was subject to full satisfaction, with a 100% money back guarantee if Plaintiff was not satisfied with the results of

the program. Thereafter, Plaintiff signed the "Priority Documents Service Agreement" on March 9, 2016, and was instructed by employees of Defendant PRIORITY to stop paying his credit card accounts to facilitate more advantageous settlement arrangements.

29.  Plaintiff ceased paying his credit accounts based upon the advice and instruction of employees of Defendant PRIORITY, and on or about November 9, 2016, Plaintiff was sued by Citibank in a collection lawsuit in the San Diego Superior Court, Case No. 37-2016-00039494-CL-R3-CTL.

30.  Upon realizing that he had been sued for failing to pay his credit accounts upon the advice and instruction of Defendant PRIORITY, Plaintiff contacted Defendant PRIORITY to inquire as to why he was being sued when he had retained Defendant PRIORITY to assist with his credit accounts.

31.  On Friday, December 2, 2016, Plaintiff received an email from Customerservice@prioritydocprep.com advising him of the status of his accounts that had been enrolled into Defendant PRIORITY's system. (Exhibit 3)

32.  The email domain "prioritydocprep.com" is a domain name that was registered by Defendant EC LENDING as the owner, with the website www.godaddy.com.

33.  Defendant EC LENDING lists their "owner address" on the GoDaddy website as 4241 Jutland Drive, Suite 304, San Diego, CA 92117. This is the same address as Defendant GTPD and Defendant BILLOCK.

34.  Upon information and belief, Defendant BILLOCK is a Manager and/or a director of Defendant EC LENDING, and maintains the same office address as Defendants GTPD and EC LENDING of 4241 Jutland Drive, Suite 304, San Diego, CA.

35.  On or about December 5, 2016, Plaintiff became aware that he had been sued two more times in the San Diego Superior Court on additional Citibank accounts that had been enrolled in Defendant PRIORITY's debt settlement and

1  credit repair program.

2  36. Plaintiff again contacted Defendant PRIORITY to attempt to determine what was happening and why he was the subject of multiple lawsuits as a result of entering his accounts into Defendant PRIORITY's debt settlement and credit repair program.

3  37. Plaintiff was dissatisfied with the services provided by Defendant PRIORITY, as well as with the explanations provided by the employees of Defendant PRIORITY as to why he was the subject of multiple lawsuits arising from the accounts that had been enrolled in Defendant PRIORITY's debt settlement and credit repair program, and on or about December 12, 2016, Plaintiff advised Defendant PRIORITY that he wished to cancel his account.

38. On December 12, 2016, Plaintiff received another email from Customerservice@prioritydocprep.com (Exhibit 4), which confirmed that his account had been cancelled, and which contained a document entitled "General Release, Confidentiality, and Settlement Agreement." (Exhibit 5)

39. Pursuant to the "Priority Documents Service Agreement" signed by Plaintiff on March 9, 2016, Plaintiff made nine (9) monthly payments to Defendant PRIORITY in the amount of $610.15 per month, for a total of $5,491.35.

40. Subsequent to cancelling his enrollment in Defendant PRIORITY's debt settlement and credit repair program on December 12, 2016, Plaintiff has been sued in the San Diego Superior Court on four (4) additional accounts that were enrolled in Defendant Priority's debt settlement and credit repair program.

41. As a direct result of enrolling his credit accounts into Defendant PRIORITY's debt settlement and credit repair services program, Plaintiff has suffered harm because he paid approximately $5,491.35 for services which were never performed, and Plaintiff has been sued on at least seven (7) delinquent credit accounts and has been required to retain counsel to represent him in the lawsuits because he ceased paying on the accounts upon the advice and instruction

of Defendant PRIORITY.

42. By so doing, PRIORITY failed to perform under the agreement and fraudulently induced Plaintiff to pay money and, based on its misrepresentations, induced him to not act to preserve his rights and defend against the creditors that claimed were owed money by him.

43. Plaintiff is informed and believes that Defendants' violations were negligent at a minimum, but were willful in that Defendants acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because they knew, or were reckless in their ignorance that their conduct violated multiple provisions of the FCRA, CCRAA, and CROA.

### **FIRST CLAIM FOR RELEIF**
**(Violations of the FCRA)**

44. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

45. Defendant UNIVERSAL committed numerous violations of the FCRA, including, but not limited to the following:

   a. Negligently furnishing Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b,

   b. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b,

46. Defendant GTPD committed numerous violations of the FCRA, including, but not limited to the following:

   a. Negligently obtaining Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §1681b(f),

   b. Willfully obtaining Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b(f),

   c. Negligently furnishing Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §1681b(f),

      d. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b(f).

47. Defendant PRIORITY committed numerous violations of the FCRA, including, but not limited to the following:

      a. Negligently obtaining Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §1681b(f),

      b. Willfully obtaining Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b(f),

      c. Negligently furnishing Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §1681b(f),

      d. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b(f).

48. Defendant EC LENDING committed numerous violations of the FCRA, including, but not limited to the following:

      a. Negligently obtaining Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §1681b(f),

      b. Willfully obtaining Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b(f),

      c. Negligently furnishing Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §1681b(f),

      d. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b(f).

49. Defendant BILLOCK committed numerous violations of the FCRA, including, but not limited to the following:

      a. Negligently obtaining Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §1681b(f),

      b. Willfully obtaining Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b(f),

c. Negligently furnishing Plaintiff's consumer report without a permissible purpose in violation of 15 U.S.C. §1681b(f),

d. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under 15 U.S.C. §1681b(f).

50. As a result of these negligent and willful violations, Plaintiff has suffered actual damages as explained in the statement of facts above.

### SECOND CLAIM FOR RELEIF
(Claim for violations of the CCRAA)

51. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

52. Defendant UNIVERSAL committed numerous violations of the CCRAA, including, but not limited to the following:

a. Negligently furnishing Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a),

b. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a).

53. Defendant GTPD committed numerous violations of the CCRAA, including, but not limited to the following:

a. Negligently procuring Plaintiff's consumer report without a permissible purpose in violation of CA Civ. Code §1785.22(a),

b. Willfully procuring Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a),

c. Negligently furnishing Plaintiff's consumer report without a permissible purpose in violation of CA Civ. Code §1785.22(a),

d. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a).

54. Defendant PRIORITY committed numerous violations of the CCRAA, including, but not limited to the following:

a. Negligently procuring Plaintiff's consumer report without a permissible purpose in violation of CA Civ. Code §1785.22(a),

b. Willfully procuring Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a),

c. Negligently furnishing Plaintiff's consumer report without a permissible purpose in violation of CA Civ. Code §1785.22(a),

d. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a).

55. Defendant EC LENDING committed numerous violations of the CCRAA, including, but not limited to the following:

a. Negligently procuring Plaintiff's consumer report without a permissible purpose in violation of CA Civ. Code §1785.22(a),

b. Willfully procuring Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a),

c. Negligently furnishing Plaintiff's consumer report without a permissible purpose in violation of CA Civ. Code §1785.22(a),

d. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a).

56. Defendant BILLOCK committed numerous violations of the CCRAA, including, but not limited to the following:

a. Negligently procuring Plaintiff's consumer report without a permissible purpose in violation of CA Civ. Code §1785.22(a),

b. Willfully procuring Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a),

c. Negligently furnishing Plaintiff's consumer report without a permissible purpose in violation of CA Civ. Code §1785.22(a),

d. Willfully furnishing Plaintiff's Consumer Report without a permissible purpose under CA Civ. Code 1785.11(a).

57. As a result of these negligent and willful violations, Plaintiff has suffered actual damages as explained in the statement of facts above.

## THIRD CLAIM FOR RELIEF
### (Claim for violations of the CROA)

58. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

59. Defendant PRIORITY committed numerous violations of the CROA, including but not limited to the following:

   a. Charging or receiving consideration prior to full and complete performance under 15 U.S.C. 1789.13(a),

   b. Failing to perform the agreed services within six months under 15 U.S.C. 1789.13(b),

   c. Making or using untrue or misleading representations under 15 U.S.C. 1789.13(g),

   d. Engaging in any act or practice that operates as a fraud or deception under 15 U.S.C. 1789.13(h),

   e. Advertising without being registered with the Department of Justice under 15 U.S.C. 1789.13(i),

   f. Failing to maintain an agent for service of process in this state under 15 U.S.C. 1789.13(j),

   g. Using a scheme, device, or contrivance to evade the prohibitions of the CROA under 15 U.S.C. 1789.13(r).

60. Defendant EC LENDING committed numerous violations of the CROA, including but not limited to the following:

   a. Charging or receiving consideration prior to full and complete performance under 15 U.S.C. 1789.13(a),

   b. Failing to perform the agreed services within six months under 15 U.S.C. 1789.13(b),
   c. Making or using untrue or misleading representations under 15 U.S.C. 1789.13(g),
   d. Engaging in any act or practice that operates as a fraud or deception under 15 U.S.C. 1789.13(h),
   e. Advertising without being registered with the Department of Justice under 15 U.S.C. 1789.13(i),
   f. Failing to maintain an agent for service of process in this state under 15 U.S.C. 1789.13(j),
   g. Using a scheme, device, or contrivance to evade the prohibitions of the CROA under 15 U.S.C. 1789.13(r).

61. Defendant BILLOCK committed numerous violations of the CROA, including but not limited to the following:
   a. Charging or receiving consideration prior to full and complete performance under 15 U.S.C. 1789.13(a),
   b. Failing to perform the agreed services within six months under 15 U.S.C. 1789.13(b),
   c. Making or using untrue or misleading representations under 15 U.S.C. 1789.13(g),
   d. Engaging in any act or practice that operates as a fraud or deception under 15 U.S.C. 1789.13(h),
   e. Advertising without being registered with the Department of Justice under 15 U.S.C. 1789.13(i),
   f. Failing to maintain an agent for service of process in this state under 15 U.S.C. 1789.13(j),
   g. Using a scheme, device, or contrivance to evade the prohibitions of the CROA under 15 U.S.C. 1789.13(r).

## FOURTH CLAIM FOR RELIEF

### (Claim for Intentional Misrepresentation and Fraud)

62. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

63. PRIORITY made numerous representations as previously described and as follows:

   a. PRIORITY represented to PLAINTIFF that these facts were true,

   b. That PRIORIOTY's representations were false,

   c. That PRIORITY knew that the representation was false when it made them,

   d. That PRIORITY intended that Plaintiff rely on the representations,

   e. That Plaintiff reasonably relied on PRIORITY's representations,

   f. That Plaintiff was harmed, and

   g. That Plaintiff's reliance on PRIORITY's representation was a substantial factor in causing his harm.

   h. In so acting PRIORITY acted with malice, oppression, or fraud.

## FIFTH CLAIM FOR RELIEF

### (Claim for False Promise)

64. Plaintiff repeats, re-alleges, and incorporates by reference all other paragraphs, as if fully set forth herein.

65. PRIORITY made numerous false promises to PLAINTIFF as previously described and as follows:

   a. PRIORITY did not intend to perform these promises when it made them;

   b. PRIORITY intended that PLAINTIFF rely on this promise.

   c. PLAINTIFF reasonably relied on this promise.

   d. PRIORITY did not perform the promised acts,

e. PLAINTIFF's reliance on PRIORITY's promise was a substantial factor in causing harm to PLAINTIFF,

f. PRIORITY acted with knowing disregard of the probable dangerous consequences of its conduct and deliberately failed to avoid those consequences.

g. In so acting PRIORITY acted with malice, oppression, or fraud.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and each of them, and for Plaintiff, and pray for the following relief:

1. Actual damages in the amount of $9,991.00, or as the jury may allow, jointly and severally against all Defendants;

2. Actual damages for past and future economic loss, past and future noneconomic loss, including emotional damages, for Intentional Misrepresentation, Fraud, and False Promise;

3. Disgorgement of the monthly payments made to Defendant PRIORITY in the amount of $610.15 per month, for a total of $5,491.35;

4. Punitive damages of $5,000.00 for each individual willful violation of Calif. Civ. Code § 1785.25(a), from each Defendant individually, pursuant to Calif. Civ. Code § 1785.31(a)(2)(A)-(C);

5. Punitive damages from Defendant PRIORITY for Intentional Misrepresentation, Fraud and False Promise;

6. Statutory damages of $1,000.00 for each individual willful violation of the Federal FCRA, from each Defendant individually, pursuant to 15 U.S.C. §1681n(a)(1)(A);

7. Punitive damages in an amount to be determined by a jury for willful violations of the Federal FCRA, from each Defendant individually, pursuant to 15 U.S.C. §1681n(a)(2);

8. Injunctive relief to order Defendant to remove the report from Plaintiff's consumer credit reports, pursuant to Calif. Civ. Code § 1785.31(b);

9. Any reasonable attorney's fees and costs to maintain the instant action

10. And for such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated November 20, 2017      Luftman, Heck and Associates
                             By s/ Scott M. Grace
                             Attorney for Plaintiff
                             sgrace@lawlh.com


                             Lester & Associates
                             By: s/Patric Lester
                             Attorney for Plaintiffs,
                             pl@lesterlaw.com

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Daniel Salas

## DEFENDANTS
Universal Credit Services, LLC; GTPD Enterprises, Inc.; Priority Documents; EC Lending, LLC; and Neil Billock

**(b)** County of Residence of First Listed Plaintiff: San Diego, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Delaware, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Boulevard
San Diego, CA 92107, Phone (619) 346-4600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. §1681, CA Civ. Code 1785, and 15 U.S.C. §1789
Brief description of cause:
FCRA, CCRAA, and CROA violations; misrepresentation and fraud

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 11/20/2017
SIGNATURE OF ATTORNEY OF RECORD: s/ Scott M. Grace

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____